**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LESLIE EMRY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-13-140-D** |
| | ) | |
| **WILLIAM MONDAY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary conviction and the resulting revocation of earned credits. Doc. 1. The matter is before the undersigned Magistrate Judge on referral by United States District Judge Timothy D. DeGiusti for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the following reasons, the undersigned recommends that the petition be dismissed without prejudice.

## I. Relevant procedural background.

In response to the petition, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust available state judicial remedies prior to initiating this federal habeas claim. Doc. 8, at 1. There, Respondent maintains that "Petitioner is procedurally barred from habeas relief because he did not avail

himself of state judicial remedies."[1] *Id* at 3. Nonetheless, Respondent both asserts and submits proof that Petitioner *did* file a Petition for Judicial Review in the District Court of Oklahoma County.[2] *Id.* at 3, Exhibit 9. Moreover, despite the fact that Petitioner subsequently filed a motion to dismiss his petition, Respondent also offers proof that both the motion to dismiss and the petition are still pending.[3] *Id.* at Exhibit 10, Exhibit 11. Responding to the dismissal motion, Petitioner acknowledges that he filed the petition for review but "[a]fter a diligent analysis of 57 O.S. 564.1, petitioner decided this procedure could not provide him the remedy he was seeking [and] [s]o, he filed a motion to dismiss his Judicial petition." Doc. 9, at 3.

## II. Relevant factual background.

---

1 Unless otherwise indicated, quotations in this report are reproduced verbatim.

2 Respondent does not claim that the state petition was untimely or otherwise deficient.

3 The court takes judicial notice of the Oklahoma County Court record showing that both the petition for review and the motion to dismiss remain pending. *See Emry v. Department of Corrections,* No. CV-2012-1886; http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=2908754&db=Oklahoma (last visited April 15, 2013); Fed. R. Evid. 201; *see also United States v. Pursley*, 557 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Petitioner states that on June 6, 2012, he was charged with a prison rule violation, possession of a cell phone or cell phone paraphernalia. Doc. 1, at 2. The Offense Report, on the other hand, shows that Petitioner was charged with "Individual Disruptive Behavior." Doc. 8, at Exhibit 2. According to the report of the incident, Petitioner was called into his case manager's office on June 6, 2012, and asked about a letter Petitioner had received – a copy had been made in the mail room – referencing a new tattoo on his back and a May 27, 2012, phone call. *Id.* at Exhibit 3, at 3. Petitioner removed his shirt as instructed, and a new tattoo was conformed. *Id.* Prison phone records established that Petitioner did not use the offender phone system on May 27, and Petitioner verified that prison staff did not provide him with access to a facility phone on that day. *Id.* at 3-4.

A hearing officer found Petitioner guilty of a rule violation following a disciplinary hearing and imposed punishment that included the loss of earned credits. Doc. 1, at 2. The officer relied on the following evidence for the finding of guilt:

> Offenders Grandmother stated in a letter that "she didn't get to talk to him long" that afternoon. She also stated that he had told her about a tattoo. that statement proved to be true, reliable statement. Also offender admitted to J. Lewis that he had not received a phone call from staff to speak with his grandmother and [records were] accessed and showed no phone calls made by him to his family in the last several weeks.

Doc. 8, Exhibit 4. Petitioner appealed the misconduct conviction through the prison administrative appeal process, contending, first, that no evidence supported the finding of guilt and, second, that the offense report failed to include "specific facts" about his alleged conduct. Doc. 1, at 3. His appeal was ultimately denied by final administrative decision dated August 10, 2012. *Id.*[4]

**III. Petitioner's habeas claims.**

In his first ground for relief, Petitioner contends that his conviction for possession of a cell phone was unsupported by any evidence and, thus, he was denied due process. *Id.* Petitioner alleges there was no evidence that he possessed a cell phone; he points to his defense to prison officials that his grandmother – the author of the letter supporting his disciplinary conviction – is eighty-nine years old and has dementia; he argues his grandmother was actually referring to another phone call; and, he submits he was convicted not of actual possession of a cell phone but of an inference made by his grandmother in a letter. *Id.* at 3-6. Petitioner claims through his second ground for habeas relief that he was deprived of due process because the written notice he received did not provide him with sufficient specificity to allow him to present a defense. *Id.* at 6-7. Petitioner requests reversal of his misconduct conviction and

[4] Petitioner makes no reference in his petition to his initiation of his state judicial remedy.

restoration of his earned credits and "status in earning credits." *Id.* at 8.

## IV. Analysis.

### A. Statutory remedy.

State habeas petitioners must exhaust available state judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) ("Congress has emphatically directed . . . that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies . . . ."). Oklahoma affords a statutory remedy for due process challenges to "prison disciplinary proceedings that result in the revocation of earned credits . . . ." Okla. Stat. tit. 57, § 564.1(A). Under this statute, after notification of a final administrative decision by the Oklahoma Department of Corrections (ODOC) in the inmate's disciplinary appeal, an inmate has ninety days to seek judicial review of that decision in state district court. *Id.* at § 564.1(A)(1).

In responding to the motion to dismiss his petition as unexhausted, Petitioner states that he initially sought judicial review but "[a]fter, a diligent analysis of 57 O.S. 564.1, petitioner decided this procedure could not provide him the remedy he was seeking. So, he filed a motion to dismiss his Judicial petition." Doc. 9, at 3. He "acknowledges he failed to utilize 57 564.1 because it is inapplicable to the type of relief he seeks." *Id.* Thus, Petitioner seeks to

excuse his failure to complete the exhaustion of his state court remedy on grounds of futility.

**B. Futility.**

This court may excuse the exhaustion requirement if exhaustion would be futile, i.e., there is "an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar*, 490 F.3d at 818 (citations omitted). Petitioner suggests that Oklahoma's statutory remedy is ineffective because it "does not afford Judicial review as to the credibility of witnesses or the weight of the evidence, and limits the forms of relief a court may provide a prisoner . . . ." Doc. 9, at 4. Petitioner acknowledges he could obtain relief from the state court if he was seeking "procedural regularity." *Id.* He contends, however, that this is not his "issue." *Id.* Rather, his claim is that "there was no evidence constitutionally adequate to support the findings reached by the disciplinary officer . . . and the State Court has no jurisdiction to correct this deprivation." *Id.* at 5.

Contrary to Petitioner's claim, Section 564.1 provides Oklahoma inmates with an available state remedy for various challenges to institutional disciplinary proceedings, "including whether any evidence existed in the record to support the finding of guilt." *Magar*, 490 F.3d at 819. And, as in *Magar*, Petitioner's claimed error in the disciplinary process – that insufficient evidence

supported his finding of guilt – "could be remedied by an order commanding [the Oklahoma Department of Corrections] to afford [Petitioner] with additional process." *Id.*

Petitioner maintains that Oklahoma's statutory judicial review process is "unfair" and does not provide him with the remedy he wants – to have his misconduct conviction reversed and invalidated. Doc. 9, at 5, 6. Nonetheless, federal habeas relief would only be available to Petitioner if he first demonstrates a denial of due process. He may not simply bypass the judicial review provided by Oklahoma law and required in order to exhaust his claims.

Petitioner has not shown that Oklahoma's statutory remedy is ineffective to protect his rights. He failed to complete – or exhaust – that remedy before filing his federal habeas action and that failure warrants dismissal of his petition. Because his petition for review is pending as of the date of this report, Petitioner's state court remedy remains available.

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned Magistrate Judge recommends that the petition for a writ of habeas corpus be dismissed without prejudice.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 5th day of May, 2013, in

accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of April, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE